**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-4455**

UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

        versus

BONAFACIO RIVERA-MAGANA, a/k/a Bonasacio
Magano Rivera, a/k/a Dominges Morales Rodolfo,

                                        Defendant - Appellant.

Appeal from the United States District Court for the Western
District of North Carolina, at Charlotte. Graham C. Mullen, Senior
District Judge. (CR-04-38)

Submitted: April 27, 2006              Decided: May 1, 2006

Before NIEMEYER and MOTZ, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

Nikita V. Mackey, MACKEY & ASSOCIATES, P.L.L.C., Charlotte, North
Carolina, for Appellant. Gretchen C.F. Shappert, United States
Attorney, Charlotte, North Carolina, Amy E. Ray, Assistant United
States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Bonafacio Rivera-Magana pled guilty to one count of illegal reentry of a deported alien, in violation of 8 U.S.C. § 1326(a), (b)(2) (2000). Rivera-Magana appeals, arguing that his twenty-seven month sentence was unreasonable when considered in light of all the factors in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2005). Finding no error, we affirm.

After the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), a sentencing court is no longer bound by the range prescribed by the sentencing guidelines. See United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005). However, in determining a sentence post-Booker, sentencing courts are still required to calculate and consider the applicable guideline range as well as the factors set forth in 18 U.S.C.A. § 3553(a). Id. If the sentence imposed is within the properly calculated guideline range, it is presumptively reasonable. United States v. Green, 436 F.3d 449, 457 (4th Cir. 2006).

Here, Rivera-Magana's adjusted offense level was seventeen and the district court reduced his criminal history category from III to II. Rivera-Magana's twenty-seven month sentence was within the guideline range of twenty-seven to thirty-three months, and well within the statutory maximum of twenty years. Although Rivera-Magana contends that the district court did not adequately consider the sentencing factors set forth in

§ 3553(a), the court heard argument about Rivera-Magana's family circumstances, and the court stated it had considered the nature and circumstances of the offense.  The court need not "robotically tick through § 3553(a)'s every subsection."  <u>United States v. Johnson</u>, ___ F.3d ___, 2006 WL 893594, *5 (4th Cir. Apr. 7, 2006). Because the record demonstrates the court's consideration of § 3553(a), we find no error.

Accordingly, we affirm Rivera-Magana's sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>